IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                        PLAINTIFF/RESPONDENT

V.                                       No. 10-20009

STEPHEN WOODARD                                                      DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion for Reduction of Sentence and Appointment of Attorney Pursuant to 28 U.S.C. § 3582(c)(2) (Doc. 46) filed September 14, 2012. The court granted the Defendant's Motion for Appointment of Counsel (ECF No. 47) on October 18, 2012 and appointed Shanon Blatt who represented the Defendant previously. Ms. Blatt filed her Brief in Support of the Defendant's Motion (ECF No. 49) on December 10, 2012 and the United States of America filed a Response (Doc. 50) on January 9, 2012. The matter is now ready for Report and Recommendation.

### I.  Background

Stephen Woodward was arrested on February 7, 2010 and charged with Possession with Intent to Distribute more than 50 grams of a mixture containing Cocaine Base in violation of Title 21 USC §§841(a)(1), 841(a)(1)(A)(iii). At the time he was charged, due to the offense involving more than 50 grams of crack cocaine, this offense carried with it a mandatory minimum of 10 years.

On October 12, 2010, Mr. Woodward was sentenced to 120 months imprisonment which the Court at the time found to be the mandatory minimum sentence. It is important to note that Mr. Woodward's pre-sentence report indicated an advisory guideline range with a total offense

level of 27 and a criminal history category of VI with an advisory imprisonment range of 130 to 162 months.

## II. Discussion

On August 3, 2010 the Fair Sentencing Act of 2010 (FSA) was signed into law by President Obama. This act increased the amounts triggering mandatory minimums for crack cocaine offenses from 5 to 28 grams for a 5 year minimum and from 50 grams to 280 grams for a 10 year minimum. The FSA did not contain any provision for retroactivity and was initially held by the court to not be retroactive. The Sentencing Commission promulgated a Rule change in June 2011 that did apply the FSA retroactively but the rule change was not to take effect until November 1, 2011. The Supreme Court of the United States subsequently decided Dorsey v. U.S. on June 12, 2012 holding that the FSA applied to pre-Act offenders sentenced after the Act took effect. *See Dorsey v. U.S.*, 132 S.Ct. 2321, 2326 (U.S.,2012).

The Government in its Brief acknowledges that the FSA applies to the Defendant and that as a result "the defendant's amended guideline range based on the retroactive effect of Amendment 478 and a criminal history category of VI would be 92 months to 115 months. In addition, according to the FSA, the mandatory minimum for the defendant's case would be changed from a ten-year mandatory minimum to a five-year mandatory minimum. Therefore, according to Amendment 750 and the FSA, the defendant's sentencing guidelines range would be 92-115 months, with a mandatory minimum sentence of 60 months." (ECF No. 50, ¶ 6).

The Defendant has asked for a new sentencing hearing to which the Government objects. (ECF No. 50, ¶ 8). The Government contends that the "sentencing guidelines specifically state at U.S.S.G. §1B1.10(b)(2)(A) "Limitation.-Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy

statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Second, as noted in the above paragraphs, the retroactive application of the FSA shall not "constitute a full resentencing of the defendant." See, U.S.S.G. §1B1.10 (a)(3)." (Id.).

The court does not believe that it should make any recommendation concerning whether a full resentencing hearing be conducted because that is within the sole purview of the sentencing court.

### III.  Conclusion

Based upon the above the court recommends that the Defendant's Motion for Reduction of Sentence be **GRANTED** and that he be resentenced within the Guideline Range of 92-115 months.

Dated this January 15, 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE